State Camp of the Patriotic Order Sons of America, Appellant, *v.* Washington Camp No. 669.

Argued April 24, 1956. Before STERN, C. J., JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Robert A. Detweiler,* with him *Arthur M. Eastburn, Jr.,* for appellant.

*J. Lawrence Grim,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, June 25, 1956:

The controversy here is the same as in *Pennsylvania State Camp, Patriotic Order Sons of America v. Washington Camp No. 135,* 385 Pa. 492, and *Pennsylvania State Camp, Patriotic Order Sons of America v. Washington Camp No. 250,* 385 Pa. 503, in which cases opinions have this day been filed.

In 1892 the State Camp granted a charter to Camp No. 669, an unincorporated association located at Keelersville, Bucks County, and from that time until 1948 the State Camp operated as a superior Camp requiring fealty from Camp No. 669 which, in turn, operated as a subordinate Camp under its charter. In 1948 the members of Camp No. 669 conveyed two tracts of land with the building thereon, for a consideration of $1.00, to the trustees of an unincorporated association called the Keelersville Club. The State Camp notified Camp No. 669 that such action was improper and demanded that the property be reconveyed to the Camp. This request being refused, the State Camp revoked the charter of Camp No. 669 because of the conveyance of the property, because of the failure of the Camp to make returns to the State Camp, and because the Camp had secured a liquor license without permission of the State Camp and had operated a club in which liquor was dispensed in the Camp building to members and other persons. The State Camp, having demanded a surrender of the property in accordance with the rules of the Order, brought a bill in equity against Camp No. 669, its members, and the trustees of the Keelersville Club,

praying that they be ordered to convey to the State Camp the real estate in question, and also the charter, rituals, and other property. Defendants filed preliminary objections to the bill, which were sustained by the court on the ground that the State Camp did not have the right to create subordinate Camps; the court therefore dismissed the bill* and the State Camp appeals from its decree.

We held in *Pennsylvania State Camp, Patriotic Order Sons of America v. Washington Camp No. 135,* that the State Camp did have the power and authority to charter subordinate Camps and to take over their property and effects upon their withdrawal or expulsion from the Order.

The decree is reversed and the record remanded with a procedendo, costs to abide the event.

---

* Defendants stated their willingness to deliver the charter, rituals and books, etc. to the State Camp, and accordingly the court, in its decree, ordered that such delivery be made.