Pennsylvania State Camp, Patriotic Order Sons of America, Appellant, *v.* Washington Camp No. 250, Appellant.

Argued April 24, 1956. Before STERN, C. J., JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Orrin E. Boyle,* with him *Russell H. Yoder,* for plaintiff.

*J. Paul Martin,* with him *David Sharman, Jr.,* for defendants.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, June 25, 1956:

The controversy involved on this appeal is the same as in *Pennsylvania State Camp, Patriotic Order Sons of America, v. Washington Camp No. 135,* 385 Pa. 492, in which case an opinion has this day been filed.

In 1876 the State Camp granted a charter to Camp No. 250, an unincorporated association located at Blandon, Berks County, and from that time until 1953 the State Camp operated as a superior Camp requiring fealty from Camp No. 250, which, in turn, operated as a subordinate Camp under its charter. In 1953 Camp No. 250, at a meeting attended by six members, notified the State Camp that it would surrender its charter to the latter and would continue to function thereafter in-

dependent of the State and National Camps. Thereupon the members organized an unincorporated association which they called the Blandon Beneficial Association and they transferred to it all of the moneys of the Camp. The State Camp filed a complaint in equity praying for a decree directing Camp No. 250 and its then remaining 14 members to deliver to the State Camp all its property and effects. After an extended hearing the court entered a decree that the defendants should be allowed to retain the assets and other property of Camp No. 250 for the benefit of Blandon Beneficial Association, the individual defendants and their survivors. It dismissed the complaint of the State Camp with the proviso that the defendants pay the costs of the proceeding, cease the use of the name "Washington Camp No. 250, Patriotic Order Sons of America," and return to the State Camp the charter, the rituals, paraphernalia, regalia, and such other effects as dealt with the fraternal aspects of the Order. The State Camp appeals from that decree.

Defendants present the same defenses to the action as Camp No. 135 did in the Schuylkill County Case. For the reasons stated in our opinion in that case the decree of the lower court must be reversed. The court held that the State Camp had the power and authority under the Act of its incorporation to charter subordinate lodges and that, during the period from 1876 to 1953, Camp No. 250 was a subordinate Camp of the State Camp and operated as such, but that it had the right to secede upon relinquishing to the parent body such of its property as dealt with the fraternal aspects of the order. The court also held, however, that the State Camp was not entitled to take over the sick and funeral benefit fund which Camp No. 250 had maintained, and that the individual defendants, associating themselves as the Blandon Beneficial Association, had properly as-

sumed the trusteeship of the fund for the purposes for which it was formerly held by their Camp. This decision overlooks entirely the provisions of the General Laws of the Order whereby the State Camp was entitled to take over this beneficial fund with the obligation, however, as it expressly admitted, to administer it for the purposes for which it had been accumulated, there being provisions for maintaining, under State Camp administration, the beneficial interests of members of local Camps which had become defunct. Having accepted a charter from the State Camp and operated under it without question for a period of 77 years, defendants must observe the contractual obligations thus created and cannot by their act of secession arbitrarily repudiate them.

Defendants have filed an appeal from the imposition upon them of the costs of the proceeding. The same order will be made in regard to costs as in the Schuylkill County case.

The decree is reversed and the record remanded with direction to enter a decree granting the relief prayed for in the complaint, each party to bear its own costs.